IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMALES BAY CAPITAL ANDURIL III, L.P., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEO GROUP CO. LTD.,<br><br>    Defendant. | Case No. 24-cv-04776-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXTEND STAY OF PROCEEDINGS** |

    Before the Court is defendant Leo Group Co. Ltd.'s ("Leo Group") "Motion to Extend Stay of Proceedings," filed September 12, 2025. Plaintiffs Tomales Bay Capital Anduril III, L.P. and Tomales Bay Capital Anduril III GP, LLC (collectively, "Tomales Bay") have filed opposition, to which Leo Group has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    In the instant action, Tomales Bay alleges Leo Group made "a series of fraudulent statements and omissions" in an "effort[ ]" to become a limited partner in a fund created by Tomales Bay that sought to "acquire an interest in SpaceX common shares." (See First Amended Complaint ("FAC") ¶ 2.) In particular, Tomales Bay alleges that Leo Group "falsely represented" to Tomales Bay that it "would not seek to publicize its participation in the [i]nvestment" (see FAC ¶ 2), that Tomales Bay relied on said statement in deciding to allow Leo Group to invest in the fund (see FAC ¶ 95), and that Leo Group thereafter made "misleading" statements to the "media" about its participation in the investment (see FAC ¶¶ 2, 93). Tomales Bay next alleges that SpaceX, having

---

[1] By prior order, the Court took the matter under submission.

learned Leo Group had made statements to the media about the investment, told Tomales Bay it "would not allow the [f]und to invest in SpaceX if Leo Group was going to participate,"[2] and that, in response thereto, Tomales Bay "remov[ed]" from the fund Leo Group's "investment vehicle," an entity known as Leo Investments Hong Kong Limited ("Leo Investments"), and returned the funds Leo Group, through Leo Investments, had invested. (See FAC ¶¶ 10, 75-76.) Tomales Bay further alleges that SpaceX later allowed Tomales Bay's fund to acquire SpaceX common shares, but, allegedly because of "the media coverage that Leo Group had caused," it did not allow the fund to obtain the amount originally contemplated. (See FAC ¶¶ 78-80.)

Based on the above allegations, Tomales Bay asserts a "Fraud" claim (see FAC ¶¶ 93-96) and a "Negligence" claim, the latter based on the theory that Leo Group, by "crafting, approving and otherwise contributing to highly misleading and inaccurate articles," breached its "duty to use reasonable care." (See FAC ¶¶ 98-99.)

By order filed January 31, 2025, the Court approved the parties' stipulation to stay the instant action in favor of a case then pending in the Delaware Court of Chancery and titled Leo Investments Hong Kong Ltd. v. Tomales Bay Capital Anduril III, L.P., et al. (hereinafter, "Delaware Chancery Action"), wherein Leo Investments sued Tomales Bay for (1) breach of fiduciary duty, based on its removal from the fund, and (2) breach of contract, based on said removal as well as the filing of the instant action, which, Leo Investments asserted, violated a forum selection clause in an agreement between Leo Investments and Tomales Bay.

As jointly requested by the parties hereto, the Court ordered the instant action stayed until shortly after the state court had issued its post-trial decision. On June 30, 2025, the state court filed its "Post-Trial Opinion," finding in favor of Leo Investments on a

---

[2] According to Tomales Bay, "SpaceX is intensely averse to unnecessary public attention" and "generally does not accept investments or authorize transfers of shares in the private market that will intentionally attract – or seek out – media attention." (See FAC ¶ 9.)

portion of its claim for breach of fiduciary duty, namely, that Tomales Bay had made false statements to Leo Group in an unsuccessful attempt to convince Leo Group to voluntarily withdraw from the fund, and awarding on said claim only nominal damages.  (See Bartlett Decl. Ex. B at 69-70.)  In all other respects, the state court ruled in favor of Tomales Bay, including a finding that the instant action was not filed in contravention of the above-referenced forum selection clause.  (See id. Ex. B at 70, 80-86.)

On July 30, 2025, the parties hereto filed a Joint Status Report, in which they set forth their disagreement as to whether the stay should be extended until resolution of an anticipated appeal Leo Investments intended to file.[3]  By order filed August 8, 2025, the Court (1) lifted the stay for purposes of affording Tomales Bay leave to file an amended complaint, after which Tomales Bay filed its FAC, and (2) afforded Leo Group leave to file a motion to extend the stay, after which Leo Group filed the instant motion.

In its motion, Leo Group seeks an order staying the instant action "until there is a final, non-appealable decision in the Delaware Chancery Action."  (See Def.'s Mot. at 1:14-15.)

Where, as here, a party seeks an order staying a federal case in favor of a state court action, "the Colorado River factors control whether a stay can issue in favor of parallel state proceedings."  See Ernest Bock, LLC v. Steelman (hereinafter, "Bock"), 75 F.4th 827, 843 (9th Cir. 2023) (citing Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)).  Under Colorado River, a court considers eight factors, the eighth of which is "whether the state court proceedings will resolve all issues before the federal court," see id. at 836, i.e., whether there is "parallelism" between the two cases, see id. at 838.

Parallelism exists only where "the federal court will have *nothing further to do* in

---

[3] Leo Investments subsequently filed a notice of appeal, and the matter, including a cross-appeal filed by Tomales Bay, is now pending before the Supreme Court of the State of Delaware.  According to Leo Group, the appellate briefing will be complete by January 29, 2026.  (See Doc. No. 57.)

3

resolving any substantive part of the case." See id. at 841 (internal quotation and citation omitted; emphasis in original).  For example, parallelism does not exist where "the state court proceedings will fully resolve the federal case only if the state court rules in one of two ways." See id. at 838; see also id. at 841 (noting, "[w]hen one possible outcome of parallel state court proceedings is continued federal litigation, we find a substantial doubt that the state court action will provide a complete and prompt resolution of the issues, because the federal court may well have something further to do") (internal quotations and citation omitted).  "Parallelism is a threshold requirement for a Colorado River stay," and, consequently, in the absence thereof, "a Colorado River stay may not issue." See id. at 838.

Here, although one finding by the Supreme Court of Delaware would "fully resolve the federal case," see id. at 838, namely, that the forum selection clause prohibited Tomales Bay from filing the instant action in the Northern District of California, the Supreme Court of Delaware could also find the state court correctly concluded the filing of the instant action was not in breach of the forum selection clause, thereby leaving the remaining issues for determination.  As to those issues, as Tomales Bay correctly points out, an insufficient showing has been made by Leo Group that, in considering whether Tomales Bay was entitled to remove Leo Investment from the fund, the Supreme Court of Delaware will necessarily rule on whether Leo Group fraudulently induced Tomales Bay to allow Leo Group to invest in the fund.  (See Pls.' Opp. at 16:11-16, 17:3-7.)  Under such circumstances, Leo Group has failed to establish the "threshold requirement," see Bock, F.4th at 838, that, at the conclusion of the Delaware Chancery Action, all issues presented in the instant case necessarily will have been decided.  See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 28 (1983) (holding "it would be a serious abuse of discretion to grant [a Colorado River] stay" where "there is a substantial doubt" that the "state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties [to the federal action]").

Accordingly, the motion will be denied.

**CONCLUSION**

For the reasons stated above, Leo Group's Motion to Extend the Stay of Proceeding is hereby DENIED.

In light thereof, the Court, having considered the proposed schedules set forth by the parties in their Joint Status Report filed July 30, 2025, hereby SETS the following schedule:

1. No later than January 30, 2026, the parties shall file ADR Certifications.
2. No later than February 6, 2026, Leo Group shall file its response to the FAC.
3. A Case Management Schedule is set for May 15, 2026, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than May 8, 2026.
4. The parties shall serve Initial Disclosures within 14 days after the Case Management Conference.

**IT IS SO ORDERED.**

Dated: January 9, 2026

MAXINE M. CHESNEY
United States District Judge